IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LESTER L. COLE, WILLIAM H. ANDERSON II, and SOUTHERN TRUST CORPORATION, | § § § § | No. 503, 2025 |
| | § | Court Below–Court of Chancery |
| Defendants Below, | § | of the State of Delaware |
| Appellants, | § | |
| | § | C.A. No. 2024-1273 |
| v. | § | |
| | § | |
| STI GROUP HOLDCO, LLC; STI GROUP, INC.; SOUTHERN TRUST INSURANCE COMPANY; and SOUTHERN SPECIALTY UNDERWRITERS LLC, | § § § § § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: December 18, 2025
Decided: January 30, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice and supplemental notice of an appeal from an interlocutory order and their exhibits, it appears to the Court that:

(1) The defendants below/appellants appeal the Court of Chancery's November 21, 2025 bench ruling denying their motion to dismiss certain counts of the plaintiffs below/appellees' complaint for lack of personal jurisdiction (the "Ruling"). The following factual background is relevant to the Court of Chancery's

decision. Under a 2023 Share and Interest Purchase Agreement (the "PSA"), STI Group Holdco, LLC and STI Group, Inc. (together, "Buyers") purchased two Georgia entities—Southern Trust Insurance Company and Southern Specialty Underwriters LLC (together, the "Acquired Companies"). Section 12.9 of the PSA provides that Delaware state or federal courts "will have exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to [the] agreement or to any matter arising out of or relating to [the] agreement."[1] William Anderson II and his holding company Southern Trust Corporation (together, "Sellers") owned the Acquired Companies before the acquisition; Lester Cole was the Acquired Companies' president and chief executive officer.

(2) The Acquired Companies and Buyers (together, "Plaintiffs") filed a complaint in the Court of Chancery against Sellers and Cole (together, "Defendants"). Plaintiffs' claims fall into three general categories: fraud, breach of contract, and breach of fiduciary duty. The fraud claims allege that Defendants made material misrepresentations about the Acquired Companies' financials to induce Buyers into purchasing the Acquired Companies, and the contract claims allege that Defendants breached various provisions of the PSA. The fiduciary claims allege

---

[1] *STI Group Holdco, LLC v. Anderson*, 2025 WL 3655165, at *1 (Del. Ch. Dec. 17, 2025) (quoting Section 12.9 of the PSA).

that Defendants mismanaged the Acquired Companies and concealed the effects of their mismanagement on the Acquired Companies' financials before the acquisition.

(3)     Defendants concede that the PSA's forum selection clause permits the Court of Chancery to exercise personal jurisdiction over them for the fraud and breach of contract claims. But they moved to dismiss the breach of fiduciary claims for lack of personal jurisdiction. In the Ruling, the Court of Chancery, following *Cantor Fitzgerald v. Chandler*[2] and its progeny, concluded that it could exercise ancillary personal jurisdiction over Defendants for those claims. In so doing, the Court of Chancery found that (i) Defendants had not asserted any undue prejudice from litigating the breach of fiduciary claims alongside the fraud and breach of contract claims; (ii) all of Plaintiffs' claims share a common nucleus of operative facts; (iii) the court's exercise of ancillary jurisdiction would promote judicial efficiency; and (iv) there were no overriding comity concerns, given that the parties had jointly moved for a stay of a parallel action pending in Georgia.

(4)     Cole asked the court to certify an interlocutory appeal of the Ruling under Supreme Court Rule 42. Sellers joined in Cole's application. Defendants maintained that the Ruling decided a substantial issue of material importance—a threshold consideration under Rule 42—because it determined the propriety of the court's exercise of ancillary jurisdiction and created "transactional uncertainty."

---

[2] 1999 WL 1022065 (Del. Ch. Oct. 14, 1999).

Defendants also alleged that the following Rule 42(b)(iii) factors weighed in favor of certifying an interlocutory appeal: Factor A (the Ruling decided a question of law for the first time); Factor B (the Ruling conflicts with other trial court decisions); Factor C (the Ruling relates to the constitutionality, construction, or application of a statute that should be settled by the Court before an appeal from a final order); Factor D (the Ruling sustains the controverted jurisdiction of the trial court); and Factor H (interlocutory review would serve the considerations of justice). Plaintiffs opposed the application.

(5) On December 17, 2025, the Court of Chancery denied the application.[3] As a preliminary matter, the Court of Chancery disagreed with Defendants' claim that the Ruling decided a substantial issue of material importance because its exercise of personal jurisdiction neither affects the merits of Plaintiffs' claims nor relates to the underlying issues in the case. The court distinguished the two cases cited by Defendants as "specific exceptions," which involved "unsettled legal issues in the construction and application of Delaware's jurisdictional statutes, and both were decided against a backdrop of conflicting trial court authority."[4] The court also rejected Defendants' claim that the Ruling created "transactional uncertainty,"

---

[3] *Id.*
[4] *Id.* at *3.

noting that the Ruling concluded that ancillary jurisdiction over the breach of fiduciary claims was proper only after examining the specific facts of this case.

(6)     Although the Court of Chancery determined that it could deny Defendants' application on the substantial-issue requirement alone, it nevertheless considered the Rule 42(b)(iii) factors.  The court concluded that those factors, with the exception of Factor D (the Ruling sustained the controverted jurisdiction of the trial court), reinforced the court's recommendation that the application should be denied.  First, the Court of Chancery found that the Ruling did not resolve a question of law for the first time.  To the contrary, the court concluded it had applied settled precedent to exercise its discretion "to litigate a claim for which personal jurisdiction would not otherwise exist where the claim is brought along with other claims for which jurisdiction does exist that are sufficiently related to that claim to warrant prosecution before a single tribunal."[5]     Noting that Defendants conceded that trial court decisions on ancillary jurisdiction "may not" directly conflict with the Ruling, the Court of Chancery found that the fact-specific ancillary jurisdiction analysis articulated in *Cantor Fitzgerald* and applied by the court remains good law and does not conflict with any trial court authority.   Therefore, the court found that Factor B did not support certification.

---

[5] *Id*. at \*4 (quoting *Cap. Grp. Cos., Inc. v. Armour*, 2004 WL 2521295, at \*4 (Del. Ch. Oct. 29, 2004)).

(7)     Third, the Court of Chancery observed that Factor C did not weigh in favor of certification because the Ruling did not relate to the constitutionality, construction, or application of a Delaware statute.  And the court agreed with Defendants that Factors E (the interlocutory order reverses or sets aside a prior decision of the trial court, a jury, or an administrative agency), F (the interlocutory order vacates or opens a judgment of the trial court), and G (interlocutory review would terminate the litigation)—factors not cited by Defendants—weighed against certification.  Finally, the Court of Chancery concluded that the considerations of justice would not be served by an interlocutory appeal. We agree with the Court of Chancery's well-reasoned analysis.

(8)     Applications for interlocutory review are addressed to the sound discretion of the Court.[6]  Giving due weight to the Court of Chancery's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).   Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[7] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[8]

---

[6] Del. Supr. Ct. R. 42(d)(v).
[7] Del. Supr. Ct. R. 42(b)(ii).
[8] Del. Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice